IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02766-CYC

JORGE LUIS VARONA QUINONES,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center;
GEORGE VALDEZ, in his official capacity as Field Office Director of the Denver Field Office of Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement;
DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States;

      Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Jorge Luis Varona Quinones, a detainee at the GEO Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). The petitioner, a citizen of Cuba, has lived in the United States since he entered in November 2019, *id.* ¶¶ 3, 62–63, and had been in the United States for years before Immigration and Customs Enforcement officers took him into custody on May 13, 2026. *Id.* ¶¶ 1, 65. Consequently, he says, 8 U.S.C. § 1226(a), which entitles him to a bond hearing, governs his detention vel non, not section 1225(b)(2). Among other things, he seeks release or, in the alternative, a bond hearing. ECF No. 1 at 22–23.

1

He is correct. "§ 1225(b)(2)(A)'s application is limited to the border" and individuals detained in the interior of the country, like the petitioner, "can properly be subject to detention under § 1226(a)." *Santillan Quiroz v. Mullin*, --- F.4th ----, No. 26-6019, 2026 WL 1876709 at *8, *17 n.13 (10th Cir. June 30, 2026). The petitioner's continued detention under 8 U.S.C. § 1225 without a bond hearing violates the Immigration and Nationality Act. Therefore, the government shall "either provide him with a bond hearing" in accordance with section 1226(a) "or else release him" within seven days of this Order. *Id*. at *17 n.13.

There is a final matter. The petitioner appears to request attorneys' fees and costs, but he does so indirectly. ECF No. 1 at 23. D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part** and **DENIED without prejudice in part**.

It is further ORDERED that

(1) the respondents shall, within **seven days** of this Order, either provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence, or release the petitioner;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

(3) the respondents shall file a status report within **eight days** of this Order indicating whether the petitioner was released or a bond hearing was held and the outcome of any bond hearing.

Entered and dated this 2nd day of July, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

3